**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4390**

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

VENDAI LAPRIEST IRICK,

> Defendant - Appellant.

**No. 14-4397**

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

RODNEY JERROLD DEVIN BYRD,

> Defendant - Appellant.

**No. 14-4407**

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

v.

DENZEL TIMOTHY RASHEEM SHIVERS,

Defendant - Appellant.

---

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:13-cr-00339-NCT-1; 1:13-cr-00339-NCT-3; 1:13-cr-00339-NCT-2)

---

Submitted:  March 12, 2015          Decided:  April 13, 2015

---

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ferris R. Bond, BOND & NORMAN, Washington, D.C.; John J. Cacheris, JC LAW CENTER, Charlotte, North Carolina, for Appellants. Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vendai Irick, Rodney Byrd, and Denzel Shivers pleaded guilty to interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2012). The district court sentenced Shivers and Irick to 136 months' imprisonment and three years' supervised release, and Byrd to 175 months' imprisonment and three years' supervised release. On appeal, Irick contends the district court plainly erred by failing to reduce Irick's total offense level for playing a mitigating role in the offense. All of the appellants contend that the district court imposed unreasonable sentences. We affirm.

Because Irick did not allege in the district court that he was entitled to an offense level reduction for playing a mitigating role in the offense, we review this issue for plain error. United States v. Slade, 631 F.3d 185, 189-90 (4th Cir. 2011). To demonstrate plain error, Irick must show that an error (1) occurred, (2) was plain, and (3) affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993).

The Sentencing Guidelines provide graduated offense level reductions when a defendant plays a "mitigating role" in the charged offense. See U.S. Sentencing Guidelines Manual § 3B1.2 (2013). If the defendant was a "minimal participant," the court should reduce the total offense level by four. USSG § 3B1.2(a).

3

If the defendant was a "minor participant," the court should reduce the total offense level by two. USSG § 3B1.2(b). If the defendant "fall[s] between" the two gradations, the court should reduce the total offense level by three. USSG § 3B1.2(c).

This reduction applies to any defendant who is "substantially less culpable" than his codefendants. USSG § 3B1.2 n.3(A). We have previously held that a district court did not clearly err in refusing to apply the reduction to the driver in a drug-running scheme, where the driver was aware of the scheme and participated in prior deliveries, and the amount involved was "hardly insubstantial." United States v. McCrary, 887 F.2d 485, 488 (4th Cir. 1989).

After reviewing the record, we likewise conclude that the district court did not plainly err in failing to award Irick the mitigating role reduction. Irick scouted the jewelry store that appellants later robbed and admitted to committing two other robberies with his codefendants. Furthermore, Irick assisted in robbing cash and goods worth over $400,000—"hardly [an] insubstantial" amount.

Appellants next argue that the district court abused its discretion by imposing unreasonable sentences. See Gall v. United States, 552 U.S. 38, 51 (2007) (providing standard of review). In reviewing a sentence for reasonableness, we first ensure that the district court committed no "significant

4

procedural error," including insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors or inadequate explanation of the sentence imposed.  United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted).

In its explanation, the district court need not "robotically tick" through every § 3553(a) factor on the record, particularly when its sentence is within the properly calculated Sentencing Guidelines range.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  At the same time, the district court "must make an individualized assessment based on the facts presented."  Gall, 552 U.S. at 50.  "This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that the district court committed no such procedural error.  The court balanced the seriousness of the offense and the need to protect the public and deter others from such conduct, against appellants' youth, immaturity, and drug use.  While the district court often grouped its references to appellants, it also clearly differentiated between their individual conduct.  Moreover, this grouping was hardly

inappropriate, given that appellants presented many of the same considerations.

We must also examine the substantive reasonableness of the sentences, considering the "totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). A properly calculated, within-Guidelines sentence is presumed reasonable on appeal, and an appellant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Appellants' sentences fell within their respective Guidelines ranges. As explained above, the district court effectively balanced the serious, premeditated, and dangerous nature of the offense against appellants' youth, immaturity, and drug use.

Contrary to Irick's arguments on appeal, the district court did not abuse its discretion in denying him a variance. Indeed, he played just as significant a role in the crime as his codefendants.

We similarly find nothing to support appellants' assertion that the district court improperly enhanced their sentences due

to unproven, uncharged conduct. The court properly considered such conduct in analyzing appellants' history and characteristics and fashioning a within-Guidelines sentence.

Finally, the district court's failure to explicitly consider the negative collateral consequences that appellants will suffer as a result of their imprisonment does not warrant reversal. Accordingly, we conclude that the district court imposed reasonable sentences.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7